# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAUGHNTA M. JONES, | : | Civil No. 3:19-CV-00722 |
| Petitioner, | : | |
| v. | : | Judge Jennifer P. Wilson |
| CATRICIA L. HOWARD, | : | |
| Respondent. | : | Magistrate Judge Martin C. Carlson |

## MEMORANDUM

This is a habeas corpus petition under 28 U.S.C. § 2241 in which Petitioner Vaughnta M. Jones ("Jones"), an inmate in FCI Allenwood, challenges a disciplinary hearing that occurred while he was incarcerated in FCI Butner in Butner, North Carolina. The case is presently before the court on a report and recommendation issued by United States Magistrate Judge Martin C. Carlson and Jones's objections to the report and recommendation. (Docs. 16, 21.) For the reasons that follow, the report and recommendation is adopted, Jones's objections are overruled, and the petition for writ of habeas corpus is denied.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On March 13, 2018, staff at FCI Butner searched Jones's cell and found a red envelope that contained handwritten detailed instructions of how to smuggle

---

[1] The background facts provided in this section are largely derived from Respondent's response to the habeas corpus petition and the attached exhibits. (*See* Docs 8, 8-1.) Petitioner has not disputed Respondent's account of the underlying facts.

1

narcotics into the prison through mail and visitation. (Doc. 8, p. 3.)[2] Prison staff subsequently compared the writing in the instructions to other handwriting samples from Jones and concluded that Jones had written the instructions. (*Id.*)

Based on the finding of the instructions in his cell, the prison charged Jones with attempted introduction of narcotics in violation of prison disciplinary rules. (*Id.* at 3–4.) Jones was advised of his right to remain silent. (*Id.* at 4.) He indicated that he understood that right and then said that the instructions were his property. (*Id.*)

On April 17, 2018, a disciplinary hearing officer ("DHO") conducted a hearing on the charge against Jones. (*Id.*) Jones was present at the hearing and assisted by a staff representative. (*Id.*) He stated that he found the instructions while he was incarcerated at FCI McDowell in September 2017 and that he copied them in his own handwriting, but said that he never attempted to smuggle narcotics into the prison. (*Id.*) The DHO found that Jones had committed the charged violation and sanctioned him with the disallowance of forty days of good conduct time, sixty days of disciplinary segregation, and twelve months loss of visitation privileges. (*Id.*) The Bureau of Prisons ("BOP") subsequently provided Jones with a copy of the DHO's decision and notified him of his appeal rights. (*Id.*)

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Jones filed the petition that initiated this case on April 29, 2019, arguing that the disciplinary hearing violated his right to due process.  (Doc. 1.)  After briefing on the petition concluded, *see* Docs. 8, 11, Judge Carlson issued a report and recommendation on January 14, 2021.  (Doc. 16.)  Judge Carlson finds that the prison disciplinary hearing did not violate Jones's procedural or substantive due process rights and accordingly recommends that the court deny Jones's habeas corpus petition.  (*Id.*)

The court granted Jones an extension of time to object to the report and recommendation on January 28, 2021, *see* Doc. 20, and Jones then timely filed objections on February 22, 2021.  (Doc. 21.)  Jones argues that Judge Carlson erred in the conclusion that the prison did not violate Jones's substantive due process rights.  (*Id.*)  He does not object to Judge Carlson's conclusion regarding procedural due process.  (*Id.*)  Respondents have not filed a response to Jones's objections, and the time for doing so has expired.  Accordingly, the report and recommendation and Jones's objections are ripe for the court's review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may

accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

At the outset, the court will address the portion of the report and recommendation addressing Jones's procedural due process claim. Because neither party has objected to that portion of the report and recommendation, the court reviews it only for clear error. *See Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Having conducted such a review, the court finds no clear error on the face of the record and adopts that portion of the report and recommendation.

Turning to Jones's substantive due process claim, a prison disciplinary hearing does not violate an inmate's substantive due process rights if there is "some evidence" to support the prison's decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). Analyzing whether a hearing

meets this standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. This is a highly deferential standard: the prison's disciplinary decision may be upheld even if the evidence supporting the decision is "meager" and there is no direct evidence of wrongdoing. *Id.* at 457.

Here, Jones was charged with attempted introduction of narcotics into the prison, and applicable Bureau of Prisons regulations specify that "[a]iding, attempting, abetting, or making plans to commit" a prohibited act "is treated the same as committing the act itself." 28 C.F.R. § 541.3. Accordingly, the prison's disciplinary decision must be upheld if there was some evidence that Jones aided, attempted, abetted, or made plans to commit the underlying offense.

Jones argues that the some evidence standard was not satisfied because he was charged with an attempt to introduce narcotics into the prison but "there was absolutely no evidence" that he actually attempted to introduce narcotics into the prison. (Doc. 21 at 2.) Jones acknowledges that the instructions for smuggling narcotics into the prison were in his possession, but argues that "the mere possession of such prohibited material does not, in itself, fit the standard of 'some evidence.'" (*Id.*)

Jones's objections are without merit.  It is undisputed that Jones was in possession of instructions for how to smuggle narcotics into the prison and that the instructions were written in Jones's own handwriting.  (*See* Doc. 11, p. 3.)  Although Jones argued that he had the instructions for an innocent purpose, the DHO specifically considered and rejected that contention, noting that there was no other plausible reason for an inmate to possess the instructions "other than to aid, attempt, abet, or plan" to smuggle narcotics into the prison.  (*See* Doc. 8-1, p. 7.)  There was, accordingly, some evidence to support the DHO's conclusion, and the court will therefore overrule Jones's objections.

## Conclusion

For the foregoing reasons, Judge Carlson's report and recommendation is adopted, Jones's objections are overruled, and Jones's petition is denied.  A certificate of appealability will not issue.  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: March 9, 2021